UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ALBERTO HERNANDEZ GUILLEN,<br><br>　　　　　　　　　Petitioner,<br><br>-against-<br><br>KENNETH GENALO, *New York Field Office Director Department of Homeland Security Immigration and Customs Enforcement (In his official capacity)*, TODD LYONS, *Acting Enforcement and Removal Operations Immigrations and Customs Enforcement (In his official capacity)*, KRISTI NOEM, *Secretary, Department of Homeland Security (in her official capacity)*, PAMELA BONDI, *Attorney General of the United States U.S. Department of Jusitce (in her official capacity)*, and PAUL ARTETA, *Sheriff, Orange County Jail (in his official capacity)*,<br><br>　　　　　　　　　Respondents. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 2/24/2026<br><br><br>1:26-cv-1524-MKV<br><br>OPINION AND ORDER<br>DENYING TEMPORARY<br>RESTRAINING ORDER |

MARY KAY VYSKOCIL, United States District Judge:

　　Today, February 24, 2026, Petitioner, through counsel, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], and an emergency motion for a temporary restraining order enjoining Respondents from moving Petitioner from New York or removing him from the United States while the Court considers the Petition [ECF No. 2 ("Mot.")]. Petitioner is a native and citizen of El Salvador who arrived in this country illegally in 2019 and has been detained by ICE in New York since April 2025. *See* Pet. ¶¶ 2, 19, 25. In the interim, Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture have been denied by an Immigration Judge. *Id*. ¶ 31. He seeks an "immediate order" enjoining Respondents from "moving him out of the jurisdiction" or "removing" him from

1

the United States. Pet. ¶ 66. For ultimate relief, Petitioner seeks his release from detention and a declaration that his rights have been violated. Pet. at 29.[1]

Petitioner, who is currently in the Southern District of New York, alleges that, as of this morning, he "is being processed for removal to an out-of-state ICE location, presumably Louisiana." Pet. ¶ 4. He alleges that he has already been moved from "Orange County Jail" to "26 Federal [P]laza, [N]ew York New York 10278 for processing [sic] to move him out of the state of New York." *Id*. Petitioner further alleges that he "is not currently subject to a final order of removal." *Id.* ¶ 5; *see* Mot. at 3 (asserting that while Petitioner "has an order of removal against him, the order is not final") (emphasis in original).

In his motion for emergency relief, Petitioner seeks a temporary restraining order enjoining Respondents from moving Petitioner to "preserv[e] the Court's jurisdiction and prevent[] [his] unlawful detention." Mot. at 4. In particular, Petitioner contends that if he is moved to Louisiana, he will be subject to the "jurisdiction . . . of the Fifth Circuit Court [of] Appeals," which has held that "people like Petitioner" are subject to mandatory detention pending removal without a bond hearing. *Id.* at 3. Petitioner contends that the Fifth Circuit's holding is incorrect. *Id.* (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)). Petitioner states in his motion that he "further requests that the Court order Respondents to release the Petitioner from custody," although he offers no argument on this point. *Id.* at 2.

As Petitioner acknowledges, to obtain a temporary restraining order, Petitioner has the burden to demonstrate (1) a likelihood of success on the merits, (2) a likelihood of imminent irreparable injury absent preliminary relief, (3) that the balance of hardships tips in Petitioner's favor, and (4) the public interest would not be disserved by issuance of the preliminary relief. *See*

---

[1] Petitioner also "seeks relief [against Respondents] under the Mandamus statute, 28 U.S.C. § 1361." Pet. ¶ 65.

*N. American Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 36 (2d Cir. 2018) (describing the prerequisites for a preliminary injunction); *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (holding that a motion for a preliminary injunction must be denied if the movant fails to show "actual and imminent" irreparable harm); *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (explaining that, in this Circuit, the standard for a TRO is the same as for a PI); Mot. at 4.

Petitioner has not met his burden. His principal argument for issuance of a temporary restraining order is that such preliminary relief is necessary to preserve this Court's jurisdiction. *See* Mot. at 4. However, the Court has jurisdiction over the Petition because counsel filed it while Petitioner was in custody in this District, and the Court is not deprived of jurisdiction merely because Petitioner is subsequently transferred elsewhere. *See* Pet. ¶ 4; *Khalil v. Joyce,* 771 F. Supp. 3d 268, 289–90 (S.D.N.Y. 2025); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction").

As such, contrary to Petitioner's argument, the Court need not enjoin Respondents from moving Petitioner outside of this District to preserve its jurisdiction. Put another way, Petitioner has not shown that he will suffer the sole injury he identifies in his motion (being subject to the "jurisdiction . . . of the Fifth Circuit") absent preliminary relief. Mot. at 3; *see N. American Soccer League*, 883 F.3d at 36. Furthermore, although Petitioner also seeks to enjoin Respondents from removing him from the United States, he has not made any showing that such removal is imminent. *See Rodriguez ex rel. Rodriguez*, 175 F.3d at 234. On the contrary, Petitioner maintains that he is not yet subject to a final order of removal. Pet. ¶ 5; Mot. at 3. As to Petitioner's request for an immediate order requiring his release from custody, Petitioner has not shown a likelihood of

3

success on the merits. Mot. at 2. Indeed, the Court has previously ruled, in line with the Fifth Circuit, that aliens in circumstances similar to Petitioner's apparent circumstances are subject to mandatory detention without a bond hearing. *See Chen v. Almodovar*, No. 25-cv-8350 (MKV), 2025 WL 3484855, at *6 (S.D.N.Y. Dec. 4, 2025); *see also Chen v. Almodovar*, No. 25-cv-9670 (JPC), 2026 WL 100761, at *13 (S.D.N.Y. Jan. 14, 2026); *Weng v. Genalo et al.*, No. 25-cv-09595 (JHR), 2026 WL 194248, at *3 (S.D.N.Y. Jan. 25, 2026).

Accordingly, Petitioner's emergency motion for a temporary restraining order enjoining Respondents from moving Petitioner from New York or removing him from the United States while the Court considers the Petition [ECF No. 2] is DENIED.

IT IS HEREBY ORDERED that the U.S. Attorney's Office shall respond to the Petition by February 27, 2026. Petitioner shall file any reply papers by March 6, 2026.

The Clerk of Court respectfully is requested to terminate docket entry 2 and to notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

**SO ORDERED.**

**Date: February 24, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**